UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Randall Edwin Latimer, # 135007, *aka Randall E. Latimer*, | ) ) ) ) | C/A No. 8:11-0209-JFA-KFM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **Report and Recommendation** |
| Michael McCall, *Warden Perry C. I.*; Henry D. McMaster, *Attorney General*; Karen C. Ratigan, *Assistant Attorney General*; Judge C. Victor Pyle, Jr.; Judge Thomas J. Ervin; Judge Larry R. Patterson; John C. Few; Edward W. Miller; Joseph Watson, *Solicitor Greenville County*; Leslie Dorn, *Parole Agent*, *all defendants are being sued in their individual capacities as well as their official capacities*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## *BACKGROUND OF THIS CASE*

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC), where he is serving a life sentence for first-degree burglary. He has brought suit against the Warden of the Perry Correctional Institution and various judges, prosecutors, and a parole agent for actions taken in connection with his criminal case, his parole revocation proceedings, and collateral proceedings.

The pleadings in this case originally contained the docket number for a pending case. The Complaint received on January 24, 2011, however, was accompanied by a new Motion for Leave to Proceed *in forma pauperis*, service documents, and a motion

to appoint counsel. Since the complaint did not contain the phrase "Amended Complaint," the Office of the Clerk of Court was authorized to assign a separate civil action number to the pleadings received on January 24, 2011.

### *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Since Plaintiff is challenging criminal proceedings that ultimately resulted in his conviction and life sentence for first-degree burglary and subsequent criminal proceedings resulting in the revocation of his parole, this case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). This court may also take judicial notice of Plaintiff's three unsuccessful Section 2254 habeas corpus actions in this Court, Civil Action No. 6:10-0721-JFA-WMC, Civil Action No. 6:03-0490-JFA-WMC, and Civil Action No. 6:97-3739-JFA-WMC. *Colonial Penn Ins.*

*Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Former Solicitor Joe Watson, who prosecuted Plaintiff's criminal case, is entitled to summary dismissal because of prosecutorial immunity.  *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).  Former Attorney General McMaster and Assistant Attorney General Ratigan also have prosecutorial immunity for their actions in Plaintiff's post-conviction and habeas corpus cases in state and federal court.  *Rice v. Nat'l Security Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001).

The South Carolina judges (Patterson, Few, Miller, Pyle, Miller, and Ervin) named as defendants are or were Circuit Judges in the State of South Carolina's unified judicial system.  *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988).  Hence, they are immune from suit for any judicial actions taken in Plaintiff's criminal case, parole revocation proceedings, post-conviction case, or appeals, including the signing of orders in cases assigned to Judge Patterson prior to his retirement.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Although Parole Agent Dorn does not have absolute immunity, Plaintiff's claims against her are still barred by the holding in *Heck v. Humphrey*, which also applies to probation and parole violation proceedings.  *Brown v. Lemacks*, Civil Action No. 8:09-2160-CMC-BHH, 2010 WL 2179492 (D.S.C. April 28, 2010) ("The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings."), *adopted*, 2010 WL 2179490 (D.S.C. May 27, 2010).

3

The Warden of the Perry Correctional Institution is not responsible for Plaintiff's conviction, parole revocation, or the actions of the judges, prosecutors, or public defenders. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).

In a Report and Recommendation filed in *Latimer v. McCall, et al.*, Civil Action No. 8:10-2829-JFA-KFM, on November 16, 2010, the undersigned apprised Plaintiff of the holding in *Heck v. Humphrey* and of the doctrines of judicial immunity and prosecutorial immunity. See ECF No. 18 in *Latimer v. McCall, et al.*, Civil Action No. 8:10-2829-JFA-KFM. Hence, the pleadings in the above-captioned case are repetitive pleadings. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (citation omitted). Eight Defendants in this case are immune from suit. Since Plaintiff was apprised of the holding in *Heck v. Humphrey* and the doctrines of prosecutorial immunity and judicial immunity on November 16, 2010, the above-captioned case should be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g).

### *RECOMMENDATION*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. It is also recommended that the above-captioned case be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important Notice on the next page.

January 31, 2010                                         s/Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).