UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randall Edwin Latimer, ) | C/A No. 8:11-209-JFA-KFM |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael McCall, Warden, Perry C.I.; ) | |
| Henry D. McMaster, Attorney General; ) | |
| Karen C. Ratigan, Assistant Attorney General; ) | |
| Judge C. Victor Pyle, Jr.; ) | |
| Judge Thomas J. Ervin; Judge Larry R. ) | |
| Patterson; John C. Few; Edward W. Miller; ) | |
| Joseph Watson, Solicitor Greenville County; ) | |
| Leslie Dorn, Parole Agent, all defendants ) | |
| are being sued in their individual capacities ) | |
| as well as their official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff, Randall Edwin Latimer, brings this action pursuant to 42 U.S.C. § 1983.[1] He is an inmate at the South Carolina Department of Corrections serving a life sentence for first degree burglary. He brings this action against the defendants for alleged unconstitutional actions taken during his state criminal case and collateral proceedings.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

1

Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. He filed timely objections which this court will review de novo.

The Magistrate Judge notes in his Report that the pleadings in this case originally contained the docket number for a pending case (C/A No. 8:10-2829-JFA-KFM [D.S.C.]). The complaint received on January 24, 2011, was accompanied by a new motion for leave to proceed *in forma pauperis*, service documents, and a motion to appoint counsel. Because the complaint did not contain the phrase "Amended Complaint," the Magistrate Judge authorized the Clerk of Court to assign a separate civil action number to the pleadings received on January 24, 2011.

In this action, the plaintiff is challenging his state criminal proceedings that ultimately resulted in his conviction and life sentence and subsequent proceedings resulting in the revocation of his parole. The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), that plaintiff's claims are barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that his

---

Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim.

The Magistrate Judge also takes notice of the plaintiff's previous three unsuccessful habeas petitions in this court relating to his state court conviction, which relate to the present action.

The Magistrate Judge properly suggests that (1) defendant Watson is immune from suit because of prosecutorial immunity; (2) defendant Attorney General McMaster and Assistant Attorney General Ratigan also have prosecutorial immunity for their actions in the plaintiff's post-conviction and habeas corpus cases in state and federal court; (3) the five defendant state circuit judges (Patterson, Few, Miller, Pyle, and Ervin) are entitled to absolute judicial immunity; (4) the claims against defendant Parole Agent Dorn are barred by Heck; and (5) defendant Warden is not responsible for the plaintiff's conviction or actions of the judges, prosecutors, public defenders, and law enforcement agents who may have filed detainers against the plaintiff.

In his objections to the Report, plaintiff contends that his action is not a challenge to his criminal conviction, rather it is a claim of false imprisonment and damages claim for denial of his due process. Regardless, the complaint is still barred under *Heck*. The court has carefully reviewed the objections and finds them repetitive of his original complaint and without merit. As such, the objections are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 21, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge